UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

POPULAR, INC.,

      Plaintiff,

v.

DEBBIE PASTRANA d/b/a
POPULAR CASH EXPRESS and
POPULAR, INC. d/b/a
POPULAR CASH EXPRESS

      Defendants.
_____/

CASE NO.:

## COMPLAINT

Plaintiff, Popular, Inc., by and through their undersigned attorneys, allege for their complaint as follows:

### INTRODUCTION

1. Popular, Inc. files this action for trademark infringement and false designation of origin and false description under the Lanham Act of 1946 (The Federal Trademark Act), 15 U.S.C. §§ 1051-1141.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff, Popular, Inc. ("Popular"), is a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico.

5.  Defendant, Debbie Pastrana d/b/a Popular Cash Express ("Pastrana"), is an individual doing business in the State of Pennsylvania at 227 West Lehigh Avenue, Philadelphia, Pennsylvania 19133. Upon information and belief, Pastrana is also a controlling force and director for co-Defendant Popular, Inc., a Pennsylvania corporation, which is doing business as "Popular Cash Express".

6.  Defendant, Popular, Inc. d/b/a Popular Cash Express ("Popular PA"), is a corporation duly organized and existing under the laws of Pennsylvania. Upon information and belief, Defendant is doing business as "Popular Cash Express". Pastrana and Popular PA will collectively be referred to as Popular Pennsylvania.

## BACKGROUND

7.  Popular, through its subsidiaries, operates almost 200 banking branches under the "Banco Popular" mark in the Commonwealth of Puerto Rico. Popular also operates over 120 banking branches under the "Banco Popular" mark in Florida, New York, New Jersey, Illinois, Texas, and California.

8.  Popular is the owner of the "BPPR Popular Cash Express" mark. Popular first used its "BPPR Popular Cash Express" mark in 1998 and registered the mark with

the United States Patent and Trademark Office ("USPTO") on July 4, 2000. A copy of the service mark registration is attached as Exhibit "A".

9. Popular continues to use the "BPPR Popular Cash Express" mark via license agreement with a third-party licensee who operates over 130 check cashing and money transfer businesses under the "BPPR Popular Cash Express" mark in Arizona, California, Florida, New York, and Texas.

10. Popular is also the owner of the "Popular" mark. Popular first used their "Popular" mark in 1997 and registered the mark with the USPTO on September 6, 2005. A copy of the service mark registration is attached as Exhibit "B". Popular also owns numerous other Federal Registrations to marks utilizing the word "Popular" in conjunction with various financial services. These registrations are indexed on Exhibit "C". The "BPPR Popular Cash Express" mark, the "Popular" mark and those registrations set forth on Exhibit "C" will hereinafter be collectively referred to as the "Popular family of marks".

11. The "Popular family of marks", when used in conjunction with the sale, distribution, or offer for sale of banking or financial services, including check cashing and money transfer services, signify to the purchaser that the products or services come from Popular and is of the highest quality. Popular has insured that the products or services bearing its marks are of the highest standard. Popular's high quality products and services have been widely accepted and are well known and recognized by the public.

PHLEGAL: #1821401 v1 (131#H01!.DOC)

12.     Defendants are engaged in the business of advertising, marketing, selling, and offering for sale check cashing and money transfer services using the name "Popular Cash Express". In addition, the Defendants also advertise, market, sell, and offer for sale bill payment services, travel services, auto tags, and legal services under the same name.

13.     In furtherance of this business, Defendant Pastrana formed "Popular, Inc." as a Pennsylvania corporation in April 2001. *See* Exhibit "D".

14.     Popular has never authorized the Defendants to exploit its "BPPR Popular Cash Express" mark or to advertise, market, sell, or offer for sale any product or service in conjunction with the "BPPR Popular Cash Express" mark.

15.     Popular Pennsylvania's use of the "Popular" mark in conjunction with its advertising, marketing, sale, and offer for sale of banking services is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Popular Pennsylvania with Popular as to the origin, sponsorship, or approval of Popular Pennsylvania's products or services by Popular. The marks "Popular Cash Express" and "Popular" together used by Defendants will be referred to herein as the "Infringing Marks".

16.     Defendants have long known of Popular's many products and services and the fact that the public associates the "Popular family of marks" with Popular, and the Defendants have sought to capitalize on the goodwill engendered by the "Popular family of marks" by adopting and using the mark and corresponding business name "Popular Cash Express" as well as the corporate name "Popular, Inc.".

4

17. Popular has written Popular Pennsylvania numerous times demanding that it cease in the unlawful use of the "Infringing Marks" marks. In ignoring these demands Popular Pennsylvania is on actual knowledge of Plaintiffs' trademark rights and Plaintiffs' claims.

18. By reason of the acts alleged above, the Defendants threaten to continue to do the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Popular's irreparable detriment.

COUNT I — Lanham Act – Trademark Infringement

19. Popular incorporates by reference paragraphs 1 through 18, and brings the following claim for trademark infringement, pursuant to 15 U.S.C. § 1114, against the Defendants.

20. Popular owns the exclusive trademark rights to those trademarks listed in Exhibit "C". These trademark registrations are in full force and effect and are owned by Popular.

21. Notwithstanding Popular's well-known and prior common law and statutory rights in the trademarks listed in Exhibit "C", the Defendants have, with actual and constructive notice of Popular's federal registration rights, and long after the Plaintiff established its rights in the trademarks listed in Exhibit "C", adopted and used the "Infringing Marks" in conjunction with the sale of check cashing and money transfer services in the State of Pennsylvania and interstate commerce.

22. Defendants have distributed, sold, and offered for sale check cashing and money transfer services bearing colorable imitations of the "BPPR Popular Cash Express" and "Popular" marks without authorization. Defendants' distribution, sale, and offer for sale of check cashing and money transfer services bearing the "Infringing Marks" in Pennsylvania and interstate commerce has and will cause the likelihood of confusion, deception, and mistake, in that the buying public will conclude that the check cashing and money transfer services sold by the Defendants are authorized, sponsored, approved, or associated with Popular.

23. Said acts of infringement will cause irreparable injury to Popular if the Defendants are not restrained by the Court from further violation of Popular's rights, as Popular has no adequate remedy at law.

24. Popular has suffered damages as a result of the aforesaid acts.

25. Defendants' use in commerce of any of the "Popular family of marks" in the sale of check cashing and money transfer services is an infringement of Popular's registered trademarks in violation of 15 U.S.C. § 1114.

26. The Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Popular and its business.

27. The check cashing and money transfer services bearing the "Infringing Marks", which were sold, distributed, and offered for sale by the Defendants constitutes a counterfeit product pursuant to 15 U.S.C. § 1116(d).

## COUNT II – Lanham Act – Unfair Competition

28. Popular repeats and realleges paragraphs 1 through 27 of this Complaint.

29. As a direct result of Popular's longstanding use, sales, advertising, and marketing, the "Popular family of marks" have acquired secondary and distinctive meanings among the public who have come to identify such marks with Popular and its products and services.

30. The Defendants have used their corporate name in conjunction with advertising, marketing, and offering for sale of check cashing and money transfer services in an effort to delude and confuse the public into believing that the check cashing and money transfer services advertised, marketed, or offered for sale by the Defendants were approved or had been authorized or sponsored by Popular.

31. The advertising, marketing, and offer for sale of the Defendants' check cashing and money transfer services in conjunction with the Defendants' corporate name will damage the goodwill and reputation of Popular.

32. By misappropriating and using the "BPPR Popular Cash Express" mark and the "Popular" in connection with the advertising, marketing, and offering for sale of its check cashing and money transfer services, the Defendants are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of its services. The Defendants have caused such services to enter into interstate commerce willfully and with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing

7

public into believing that the Defendants' services are authorized or emanate from Popular.

33. These acts constitute a violation of Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a).

34. The Defendants have obtained gains, profits, and advantages as a result of its unlawful acts and use of the "Infringing Marks".

35. Popular has suffered damages as a result of the Defendants' acts.

PRAYER FOR RELIEF

WHEREFORE, Popular demands entry of a judgment against the Defendants as follows:

1. Permanent injunctive relief restraining the Defendants, its officers, agents, servants, employees, attorneys, and all those in active concert or participation with it from:

    a. using the "Infringing Marks" and/or any of the "Popular family of marks", names or marks or any similar designation, alone or in combination with other terms, as a trademark, trade name component or otherwise, to market, advertise, offer for sale, or identify the Defendants' services and goods, or the services and goods of any third party including, but not limited to, mortgage services;

    b. otherwise infringing upon any of the "Popular family of marks";

    c. using any simulation, counterfeit, copy, or colorable imitation of any of the "Popular family of marks" in connection with the promotion, advertisement,

8

display, sale, offer for sale, manufacture, production, circulation, or distribution of any product or service in such fashion as to relate or connect, or tend to relate or connect, such products or services in any way to Popular, or to any goods or services sold, manufactured, sponsored, approved by, or connected with Popular;

d. making any statement or representation whatsoever, or using any false designation of origin of false description, or performing any act which can or is likely to lead the trade or public or individual members thereof to believe that any products or services manufactured, distributed, or sold by the Defendants are in any manner associated or connected with Popular, or are sold, manufactured, licensed, sponsored, approved, or authorized by Popular;

e. engaging in any other activity constituting unfair competition with Popular, or constituting an infringement of any of the "Popular family of marks" or of Popular's rights in, or to use, or to exploit said marks or constituting any dilution of any of Popular's names, reputations, or goodwill;

f. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs a. through e.; and

g. from aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon the "Popular family of marks".

2.  Directing that the Defendants file a report, under oath, to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with the requirements of the Injunction and Order.

3.  Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products or services advertised, marketed, offered for sale, sold, or otherwise circulated or promoted by the Defendants are authorized by Popular or related in any way to Popular's products or services.

4.  That Popular be awarded from the Defendants as a result of their sale of unauthorized check cashing and money transfer services bearing the mark "Popular Cash Express", three times each Defendants' profits therefrom, after an accounting or, in the alternative, statutory damages should Popular opt for such relief, as provided by § 1117(c), of between Five Hundred Dollars ($500) and One Hundred Thousand Dollars ($100,000), per trademark per type of goods sold, which is counterfeited by each Defendant, at the Court's discretion, or should this Court find that the Defendants' use of the counterfeit mark was willful, and in the Court's discretion, not more than One Million Dollars ($1,000,000) per counterfeit mark.

5.  That Popular be awarded three times the Defendants' profits arising out of their use of the "Popular" mark, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6.   That Popular be awarded its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

7.   That Popular be awarded its costs in bringing this action.

8.   That Popular have such other further relief that this Court deems just.

Dated this ____ day of November, 2005.

                                              _____
                                              M. Kelly Tillery
                                              Keith Lee
                                              Pepper Hamilton LLP
                                              3000 Two Logan Square
                                              Eighteenth and Arch Streets
                                              Philadelphia, Pennsylvania 19103
                                              Telephone: 215-981-4000
                                              Fax: 215-981-4750
                                              Email: tilleryk@pepperlaw.com
                                              Email: leeke@pepperlaw.com

                                              Of Counsel:
                                              Michael W. O. Holihan*
                                              Holihan Law
                                              1101 North Lake Destiny Road
                                              Suite 350
                                              Maitland, Florida 32751
                                              Telephone: 407-660-8575
                                              Fax: 407-660-0510
                                              E-mail: michael.holihan@holihanlaw.com
                                              Attorneys for Popular, Inc.

---

* Motion for pro hac vice admission will be filed shortly.